### COLUMBIA INS. CO. et al. v. TEXAS & P. RY. CO.

Civil Action No. 2215.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 31, 1947.

Arthur N. Sample, of Shreveport, La., for plaintiffs.

Cook, Clark & Egan, of Shreveport, La., for defendant.

DAWKINS, District Judge.

Plaintiffs, as assignees of the rights of their insured, sued the railway company for damages for blocking a crossing an excessive period of time and refusal to break the train to permit the passing of the fire equipment to extinguish a fire that consumed the property, for the loss of which plaintiffs have paid.

It is alleged that at the time the fire apparatus reached the crossing the fire had made little progress, and but for the block-

ing it could have been extinguished and the property saved; and

"The freight train continued to block the crossing for eight or ten minutes, despite the request of the Shreveport Fire Department to unblock the crossing, and prevented the fire apparatus from reaching the fire during that period.

"During the eight or ten minutes in which the fire apparatus was prevented from reaching the scene of the fire, the fire made such progress that the Shreveport Fire Department was unable, when it finally reached the plant, to extinguish the fire, which it could and would have done if the fire apparatus had not been delayed as aforesaid."

In support of the motion for summary judgment defendant offered the lease by it of the premises upon which the burned building was located to the insured, and the affidavit of its vice-president in support thereof. This last stipulates that the building shall be used only for warehouse and storage purposes; and

"7. Said Lessee further agrees to indemnify and hold harmless Lessor against all claims, demands, suits, or actions, and the costs thereof, arising out of injury to or death of any person, while on or about said leased premises, when such injury or death results from any act or omission of Lessee or Lessee's agents, servants or employes.

"Lessee shall solely assume and bear any and all liability for damage to or destruction of property whatsoever which would not have occurred but for the occupancy of the demised premises by Lessee, its officers, agents, servants, employes, or licensees, regardless of how such damage or destruction shall occur and irrespective of fault, and Lessee agrees to indemnify and hold harmless Lessor from and against any and all claims, demands, judgments, or costs arising from any such damage or destruction. Said liability and obligation of Lessee shall extend to and cover any railroad company operating upon and over tracks of Lessor.

"Lessee agrees that Lessor shall be subrogated to any and all insurance carried by Lessee on property damaged or destroyed to the extent that Lessor shall be required to pay for such damage or destruction."

Plaintiffs offered nothing in addition to their complaint.

It is argued, in view of the provisions thus quoted, the defendant is absolved by agreement of the insured, in whose shoes the insurance companies stand, from any liability, even though caused by its own negligence. Plaintiffs say that not only can the defendant not stipulate against its own negligence but that an ordinance of the city of Shreveport, No. 28 of 1925, limits the time any railroad can block a street crossing to five minutes, whereas it is alleged the time here was eight to ten minutes and which at least contributed to the extent of the loss or damage. The ordinance was not offered, but notice thereof can perhaps be taken as of any other law of the state or its subdivisions.

■ It is true that there are decisions to the effect that where a railroad company leases part of its right of way or other property used for railroad purposes, to and for the accommodation of persons desiring such convenient locations to traffic, it may stipulate against ordinary hazards arising from the negligent operation of its trains upon its own property. On the other hand, if the circumstances in a particular case show that the condition as to the fire was made known to the railroad company (it is alleged here that it "continued to block the crossing for eight to ten minutes despite the request of the Shreveport Fire Department to unblock the crossing") in time to break the train and allow the passage of fire extinguishing apparatus, and its refusal is wilful, then the railroad is not absolved from responsibility.

■ Although the complaint is not specific as to how and to whom the request of the Fire Department for the unblocking was made, under the "brief pleading" provisions of the rules of procedure, there seems to be enough to warrant the overruling of the motion for summary judgment and it is so ordered.

Proper decree should be presented.